[Cite as *State v. Tucker*, 2018-Ohio-4533.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                  Court of Appeals No. WD-17-051

        Appellee                         Trial Court No. 2016CR0401

v.

Robert Lee Tucker                   **DECISION AND JUDGMENT**

        Appellant                     Decided:  November 9, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Alex K. Treece, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Defendant-appellant, Robert Lee Tucker, appeals the September 27, 2017 judgment of the Wood County Court of Common Pleas denying his petition for postconviction relief.  For the reasons that follow, we affirm the trial court judgment.

## I.  Background

{¶ 2} Following a jury trial, Robert Lee Tucker was convicted of robbery, a violation of R.C. 2911.02(A)(3), a third-degree felony, and obstructing official business, a violation of R.C. 2921.31(A), a second-degree misdemeanor.  The trial court sentenced him to a prison term of 36 months on the robbery conviction, and 90 days on the obstructing official business conviction, to be served concurrently.  We affirmed Tucker's conviction in a decision dated May 11, 2018.  *State v. Tucker*, 6th Dist. Wood No. WD-16-063, 2018-Ohio-1869.

{¶ 3} On March 15, 2017, Tucker filed a pro se petition for postconviction relief, which he amended on August 24, 2017.  The trial court denied Tucker's motion on September 17, 2017.  Tucker timely appealed and assigns the following error for our review:

> The trial court erred when it denied the Defendant/Appellant's
>
> amended petition for post conviction relief under R.C. 2953.21 due to a
>
> violation of the Criminal Rule 16(B)(5) requirement to disclose "Any
>
> evidence favorable to the defendant and material to guilt or punishment.["]

## II.  Law and Analysis

{¶ 4} While Tucker petitioned the trial court for postconviction relief on numerous issues, he raises only one issue on appeal:  whether the state violated Crim.R. 16(B) when it failed to disclose exhibits, including a video depicting "the actual event giving rise to

2.

the charges," later used at trial.  He claims that he was unaware of the existence of the exhibits until trial commenced.

{¶ 5} Crim.R. 16(B) provides:

*Upon receipt of a written demand for discovery by the defendant* * * *, the prosecuting attorney shall provide copies or photographs, or permit counsel for the defendant to copy or photograph, the following items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the state, subject to the provisions of this rule:

* * *

(5) Any evidence favorable to the defendant and material to guilt or punishment[.]  (Emphasis added.)

{¶ 6} Tucker acknowledges that he made no written request for discovery in the trial court, but indicates that the state provided initial discovery responses on October 14, 2016.  He maintains that the state proceeded as if discovery had been requested.  He also claims that the trial court treated this receipt of discovery responses as a tolling event for speedy-trial purposes, but at trial, it "acted as if no request was ever made."  He maintains that "the lower court cannot claim one thing at trial and the exact opposite in a subsequent judgment entry."

3.

**{¶ 7}** The state responds that the trial record makes clear that Tucker made the deliberate decision not to request discovery—despite knowing that the video recording existed—because he did not want to toll the speedy-trial clock. It also argues that Tucker's argument is barred by res judicata because it could have been raised on direct appeal.

**{¶ 8}** The trial court in its judgment appears to have treated Tucker's argument concerning the non-disclosure of exhibits as a claim that new evidence had been discovered. It concluded that "the discovery of new evidence of innocence after a defendant has been tried, convicted and sentenced does not constitute a triable post-conviction claim of substantive constitutional magnitude," however, it noted that it had "considered the argument and sees no merit in it under these facts."

**{¶ 9}** "[A] trial court's decision to deny a petition for postconviction relief involves mixed questions of law and fact. We review the trial court's decision on factual issues using a manifest weight standard of review, and we review the trial court's decision on legal issues de novo." *State v. Neyland*, 6th Dist. Wood No. WD-12-014, 2013-Ohio-3065, ¶ 14, citing *State v. Hoffner*, 6th Dist. No. L-01-1281, 2002-Ohio-5201, ¶ 6.

**{¶ 10}** Here, the record here is very clear that Tucker made the deliberate decision not to request discovery. The October 26, 2016 trial transcript contains the following exchange relative to this point:

4.

The court: I need to address on the record, that the Court notes that the defense in this case did not request discovery. [Defense counsel], let's address this issue.

[Defense counsel]: Judge, I did not request discovery in this case and I advised the State that I did not. Mr. Tucker was represented at the arraignment by [former counsel] but had indicated at that time to this Court and through [former counsel] to me that he did not want to waive any of his speedy trial rights. * * * And so I explained to him that if I were to request discovery, pursuant to case law and rule, the speedy trial time is tolled based upon a request for discovery and stays tolled until reciprocal discovery is provided. With that understanding, he had agreed that he does not want to waive that speedy trial time, therefore, is in agreement with my not requesting discovery in this case. I explained to him in full that that put us at somewhat of a disadvantage because we are flying a little bit blind. We knew the facts of the case and we had discussed it previously, but there were evidentiary issues that could present themselves that I would not have access to because I had not requested discovery. My client indicated he was comfortable with going forward on that basis.

The court: Mr. Tucker, is that correct?

The defendant: Yes, Your Honor, it is.

The court:  And you directed your attorney not to request discovery specifically for that reason?

The defendant:  Yes, Your Honor, I did.

The court:  So that his failure to request discovery is not any failing on his part to represent you effectively, that is following your direction?

The defendant:  That is correct, Your Honor.  Yes.

The court:  All right.

[The state]:  * * *  I would note that I have a second DVD that was available for inspection, and the DVD surveillance video from the parking lot of Walmart where the defendant allegedly tried to run over J.R.

The court:  All right, well this is apparently a tactical decision on the part of the defendant. * * *

[Defense counsel]:  Judge, I did want to put on the record just for information with regard to the tactical decision to not request discovery, Mr. Tucker and I had discussed tactically the potential for that video that the State talked about – of the parking lot – existing and us not having access to it.  So we had discussed that possibility, and even with that understanding, he still was in agreement not to request discovery.

The court:  Is that right, Mr. Tucker?

The defendant:  Yes, Your Honor, it is.

6.

**{¶ 11}** The record is clear that Tucker made a conscious, tactical decision, not to request discovery and was advised by counsel of the potential consequences of that decision. Accordingly, we find no error in the trial court's denial of Tucker's petition for postconviction relief. We also agree with the state that this was an issue that could have been raised on direct appeal, therefore, Tucker is barred by res judicata from raising this issue now. *See State v. Henson*, 6th Dist. Erie No. E-11-068, 2012-Ohio-3730, ¶ 20 ("Under res judicata a convicted defendant is barred from litigating issues that were raised or could have been raised at trial or on direct appeal from the judgment of conviction.").

**{¶ 12}** Accordingly, we find Tucker's sole assignment of error not well-taken.

### III. Conclusion

**{¶ 13}** Tucker made the deliberate decision not to request discovery to avoid tolling the speedy-trial time, therefore, the state did not violate Crim.R. 16(B) by failing to disclose exhibits. Moreover, Tucker's claim here could have been raised on direct appeal. The trial court did not err in denying his petition for postconviction relief. We find his sole assignment of error not well-taken, and we affirm the September 27, 2017 judgment of the Wood County Court of Common Pleas. Tucker is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.        

 

Arlene Singer, J.        

 

Christine E. Mayle, P.J.        
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.